**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| QUINELLA AUSTIN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:24-cv-03267 |
| | ) | |
| v. | ) | |
| | ) | |
| RELISH LABS, LLC, d/b/a HOME CHEF, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

**DEFENDANT'S MOTION TO STAY PROCEEDINGS PENDING THE ENACTMENT**
**OF ILLINOIS SENATE BILL 2979**

Defendant, Relish Labs, LLC d/b/a Home Chef ("Defendant"), respectfully moves for a stay of proceedings pending the enactment of Illinois Senate Bill 2979 ("SB2979"), which has been passed by both houses of the Illinois legislature and amends the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, et seq. Together with their Memorandum of Law in support thereof, Defendants state as follows:

1.      This matter arises out of Plaintiff's allegations under BIPA.

2.      On May 16, 2024, both Houses of the 103rd Illinois General Assembly passed SB2979, which amends BIPA to limit the recovery of each Plaintiff to up to $1,000 for negligent collections and up to $5,000 for reckless or intentional collections of biometrics, regardless of the number of times each Plaintiff used the timeclocks at issue or the number of times a defendant could be said to have "collected" a plaintiff's biometrics.[1]

---

[1] https://www.ilga.gov/legislation/fulltext.asp?DocName=&SessionId=112&GA=103&DocTypeId=SB&DocNum=2979&GAID=17&LegID=152094&SpecSess=&Session= (Accessed June 24, 2024).

3. On June 14, 2024, the Illinois Senate sent SB2979 to the Governor.[2]

4. Defendant filed an Answer and Affirmative Defenses to the Plaintiff's Complaint contemporaneously with the instant Motion.

5. SB2979 raises questions as to this Court's subject matter jurisdiction because no individual Plaintiff in this case would be able to plead, in good faith, an amount in controversy exceeding $75,000, exclusive of interest and costs.

6. Additionally, SB2979 should be applied retroactively when enacted. The bill is silent as to its temporal reach, and therefore the "procedural vs. substantive" analysis must be applied. The Illinois Supreme Court has made clear that amendments "that are procedural may be applied retroactively, while those that are substantive may not." *Allegis Realty Investors v. Novak*, 223 Ill. 2d 318, 331 (2006). Substantive amendments are those that interfere with a vested right. *Dardeen v. Heartland Manor, Inc.*, 186 Ill. 2d 291, 300 (1999). "[P]rior to judgment, a plaintiff has no vested right to a particular method of procedure or remedy…" *Id.* at 299.

7. As to BIPA specifically, it cannot be said that a certain calculation of statutory liquidated damages is a "vested right," particularly because damages under BIPA are discretionary. *Cothron v. White Castle Sys., Inc.*, 2023 IL 128004, ¶ 42 ("[t]he General Assembly chose to make damages discretionary rather than mandatory under the Act"); *see also Watson v. Legacy Healthcare Fin. Servs., LLC*, 2021 IL App (1st) 210279, *citing* 740 ILCS 14/20 (concluding that damages under BIPA are discretionary rather than mandatory).

8. Therefore, SB2979, if enacted, is procedural[3] and should be applied retroactively.

9. Now that SB2979 has been sent to the Governor, enactment is imminent.

---

[2]https://www.ilga.gov/legislation/billstatus.asp?DocNum=2979&GAID=17&GA=103&DocTypeID=SB&LegID=152094&SessionID=112 (Accessed June 24, 2024).
[3] The bill's "Short Description" is "BIPA-PROCEDURE-DAMAGES." *Id.*

10.    When the amendment is enacted, this Court will lack subject matter jurisdiction because the amount in controversy of Plaintiff's claim will not exceed $75,000 exclusive of interest and costs.

11.    On June 20, 2024, Judge Steven C. Seeger granted a stay of proceedings pending enactment of SB2979 in a BIPA action involving the same counsel for Plaintiff and Defendant. (See *Desmond Garmon, et al. v. Ralphs Grocery Company, d/b/a Food 4 Less Midwest, et al.*, Case No.: 1:23-cv-15345, at ECF #35).

WHEREFORE, Defendant, Relish Labs, LLC d/b/a Home Chef, respectfully requests a stay of proceedings pending the enactment of SB2979, and any other and further relief as this Court deems appropriate.

Date: June 24, 2024                    Respectfully submitted,


By:  */s/Diane Webster*

Diane Webster #6284225
Richard E. Daniels #6335759
GORDON REES SCULLY MANSUKHANI, LLP
One North Franklin Street, Suite 800
Chicago, Illinois 60606
Tel: (312) 565-1400
dwebster@grsm.com
rdaniels@grsm.com

*Counsel for Defendants Ralphs Grocery Company d/b/a Food 4 Less Midwest and The Kroger Co.*

3

4

## CERTIFICATE OF SERVICE

I certify that on June 24, 2024, a copy of the foregoing **DEFENDANTS' RALPHS GROCERY COMPANY, d/b/a FOOD 4 LESS MIDWEST, AND THE KROGER CO.'S MOTION TO STAY PROCEEDINGS PENDING THE ENACTMENT OF ILLINOIS SENATE BILL 2979** was served via electronic means via the Court's ECF system on:


Majdi Hijazin, *Local Counsel*                         *Counsel for Plaintiff*
Adam J. Feuer, *Local Counsel*
Samuel L. Eirinberg
DC LAW, PLLC
140 S. Dearborn Street, Suite 1610
Chicago, Illinois 60603
(872) 804-3400
majdi@teamjustice.com
adam@teamjustice.com
sam@teamjustice.com

Nick Wooten, *Lead Trial Counsel*
DC LAW, PLLC
1012 West Anderson Lane
Austin, Texas 78757
(512) 220-1800
nick@teamjustice.com


                                        /s/*Diane Webster*_____